# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4175

_____

United States of America,

          Appellee,

v.

Merced Guadalupe Bejar Orta,

          Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the District
\* of Minnesota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: June 12, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Merced Guadalupe Bejar Orta entered a conditional plea of guilty to possession with intent to deliver in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Orta appeals the district court's[1] denial of his pre-trial motion to suppress drug evidence seized from the vehicle he was driving as part of a traffic stop conducted after Orta made an unsafe lane change. We affirm.

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

We will affirm the district court's denial of a motion to suppress unless the denial is not supported by substantial evidence on the record, reflects an erroneous view of the applicable law, or we are left with the definite and firm conviction that a mistake has been made after a review of the entire record. United States v. Sanders, 424 F.3d 768, 773 (8th Cir. 2005). Orta argues (1) when the state trooper who conducted the traffic stop requested a drug dog from dispatch twelve minutes into the stop, the trooper did not possess an independent, objective basis for reasonable suspicion of criminal activity, and (2) his detention for more than an hour prior to his arrest violated his constitutional right to be free from unreasonable seizures because the trooper failed to employ available and less intrusive means to dispel his suspicion of drug activity. We disagree.

Within the first twelve minutes of the stop, the trooper observed (1) the vehicle's California license plate, (2) a single key on the key ring in the ignition, (3) three cell phones on the center console, (4) Orta's Washington driver's license,[2] (5) an insurance card presented by one of Orta's passengers which did not list the stopped vehicle,[3] and (6) inconsistent statements between Orta and a passenger about the length of their intended stay in St. Paul as well as their inability to provide specific information about their trip destination. See United States v. Sanchez, 417 F.3d 971,

---

[2]The trooper testified the single key and cell phones were indicators of possible trafficking of narcotics and that Washington is a known drug source state to the Midwest.

[3]The district court incorrectly stated Orta, rather than the passenger, produced the insurance card. Orta contends the trooper refused to review another insurance card he offered with Orta's name on it and asserts Washington law does not require an insurance identification card to list the insured vehicle. There is nothing in the record to suggest the other insurance card listed the vehicle Orta was driving. Further, we find the trooper reasonably believed proof of insurance required the listing of the vehicle on the insurance card. Cf. United States v. Allegree, 175 F.3d 648, 650 (8th Cir. 1999) (finding initial traffic stop valid where officer reasonably believed, although mistakenly, the vehicle violated state vehicle code).

975 (8th Cir. 2005) (noting a reasonable traffic stop investigation includes checking the driver's license, the vehicle's registration, inquiring about the occupants' destination, route, and purpose, and verifying the driver's story with passengers).

We find the above observations led the trooper to develop an objectively reasonable suspicion Orta was involved in drug trafficking. During the trooper's subsequent diligent effort to dispel his suspicion, which was delayed due to a language barrier and the need for a translator, Orta gave consent—thirty minutes after the stop began—to search the car. No drugs were found in the consensual search, but the trooper found very little luggage given the one or two month visit Orta anticipated and a five-gallon container of gasoline, which suggested to the trooper the possibility of a false gas tank. While waiting for the drug dog to arrive, Orta and his passengers were delivered to a nearby fast-food restaurant per their request. The trooper informed them they were free to leave but stated the car needed to be searched further before its release. Approximately an hour after the stop, a drug dog alerted to the presence of drugs, giving the trooper probable cause to tow the vehicle to a garage for a further search, which resulted in the discovery of the drug evidence in question. See, e.g., United States v. Casares-Cardenas, 14 F.3d 1283, 1286 (8th Cir. 1994) (finding probable cause justified more extensive search of car in off-road facility). On this record, the district court did not err in concluding the stop lasted no longer than necessary to effectuate the purpose of the stop and the trooper employed the least intrusive means reasonably available to quickly dispel his suspicion. See,e.g., Sanchez, 417 F.3d at 975 (finding a forty-five minute detention reasonable where the majority of the time was spent completing the traffic stop and a drug dog was used to dispel the suspicion of drug trafficking).

Accordingly, we affirm.

_____